IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal No. 3:21-CR-36 |
| Plaintiff, | ) |
| | ) |
| vs. | ) **Sentencing Memorandum Supplement** |
| | ) |
| DIMOND HENDERSON, | ) |
| | ) |
| Defendant. | ) |

The Defendant, Dimond Henderson, by and through counsel, respectfully submits this Memorandum in support of Mr. Henderson's sentencing recommendation.

## I. Background

Dimond Henderson was charged in Counts 1 and 4 of a sixteen-count, second superseding indictment dated June 15, 2022. Although indictment was superseded twice, the allegations against Mr. Henderson have not changed from the original indictment. Count 1 charged Conspiracy to Distribute and Posses with the Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(b)(1)(C) and 18 U.S.C. § 2. Count 4 charged Continuing Criminal Enterprise in violation of 21 U.S.C. § 848(a) and (c). Pursuant to the plea agreement of the parties, Mr. Henderson entered guilty pleas to Counts 1 and 4.

Mr. Henderson was arrested in the District of Ohio on March 15, 2021 and has been detained since that time.

**II.     PSIR Objections**

Mr. Henderson does not have any objections to the PSIR. He does however request a downward variance pursuant to the amendment adding §4A1.1(e) anticipated to become retroactively effective on November 1, 2023 (See PSIR ¶79-81). Mr. Henderson's criminal history score is calculated to be 7 (PSIR ¶ 36). §4A1.1(e) provided "Add 1 point if the defendant (1) receives 7 or more points…, and (2) committed the instant offense while under any criminal justice sentence. The PSIR currently assigns 2 points because Mr. Henderson was under a criminal justice sentence at the time of his conspiratorial activity. The new §4A1.1(e) will only assign 1 point. This change is essentially a technical correction as it will not change Mr. Henderson's Criminal History Category which remains category IV.

**III.    18 U.S.C. § 3553**

In fashioning a sentence that complies with the "overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary,' to achieve the goals of sentencing," *Kimbrough v. United States*, 128 S.Ct. 558, 570 (2007), the judge must consider a broad range of factors, including the nature and circumstances of the offense and the history and characteristics of the defendant. *See* 18 U.S.C. § 3553(a)(1) – (7).

   1. *the nature and circumstances of the offense and the history and characteristics of the defendant:*

The offense is a drug conspiracy. The arrest, detention, and incarceration of the 39 individuals charged in the superseding indictment has had zero apparent effect on the manufacture, transport, distribution, and consumption of controlled substances.

Mr. Henderson grew up in Detroit, Michigan. His mother's parental rights were terminated due to drug addiction. Dimond was adopted when he was 3. His adoptive parents were not well off and often took out their frustrations on Dimond through physical and emotional abuse. Both of his adoptive parents spent time in jail while Dimond was young and there were times when there were no adults at all in the home to care for the children including Dimond. Child Protective Services removed Dimond from his adoptive parents numerous times, though he always seemed to be returned to the nurturing care of his criminal and abusive adoptive parents.

As a result of his upbringing Dimond was incessantly made fun of at school. Not surprisingly Dimond did not enjoy going to school and ultimately dropped out when he was in 10th grade. Dimond moved out of his adopted home when he was 16 and has not spoken to his adoptive parents since then. After moving out Dimond lived wherever he could find a couch or floor to lay his head, usually with friends or extended family.

    2. *the need for the sentence imposed –*

        a. *to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense:*

Federal drug crimes are serious offenses. Punishments imposed by federal courts are serious also. As previously stated, the charging, arresting, detaining, and imprisoning of the 39 individuals in this conspiracy has done nothing to reduce the manufacture, distribution, use, and addiction of controlled substances. This is not pointed out to say that individuals who break the law should not be punished. It is simply pointed to as a reminder that 40+ years of criminalizing the distribution of controlled substances has seemed to resulted in little to no movement towards the goal of reduce the use of controlled substances.

Just punishment considers the crime and the person and should not be greater than necessary. Mr. Henderson is the product of an environment that is difficult to comprehend. His dad was never around. His mom was a drug addict who terminated her parental rights. His adoptive parents were criminals and abusive. The child protective system failed him. The only family that was there for Mr. Henderson were the friends that let him stay at their houses in lieu of living on the streets. Mr. Henderson didn't grow and learn and dream and thrive – Dimond survived his childhood. Many of the people Dimond considers family are indicted along with him.

    b. *to afford adequate deterrence to criminal conduct:*

Empirical research generally shows that there is no relationship between sentence length and deterring future criminal behavior. In a study of federal white-collar offenders (presumably a highly rational form of criminality), pre-guideline, no difference in

deterrence was found even between probation and imprisonment. See David Weisburd et. Al., *Specific Deterrence in a Sample of Offenders Convicted of White-Collar Crimes*, 33 Criminology 587 (1995). More recently, in the District of Columbia, over a thousand offenders whose sentences varied in terms of prison and probation showed that variations in prison and probation time had no detectable effect on rates of re-arrest. See Donald P. Green & Daniel Winik, *Using Random Judge Assignments to Estimate the Effects of Incarceration and Probation on Recidivism among Drug Offenders*, 48 Criminology 357 (2010).

> c. *to protect the public from further crimes of the defendant:*
>
> The status of being addicted has an ambiguous relationship to the defendant's culpability. It could be a mitigating factor, explaining the motivation for the crime. It could be an aggravating factor, supporting a finding of likely recidivism. Barbara S. Meierhoefer, *The Role of Offense and Offender Characteristics in Federal Sentencing,* 66 S. Cal. L.Rev. 367, 385 (1992). On the other hand, the relationship between drug rehabilitation and crime is clear. If drug addiction creates a propensity to crime, drug rehabilitation goes a long way to preventing recidivism. In fact, statistics suggest that the rate of recidivism is less for drug offenders who receive treatment while in prison or jail, and still less for those treated outside

of a prison setting.

*United States v. Perella*, 273 F. Supp. 2d 162, 164 (D. Mass. 2003). Most research indicates that incarceration is unlikely to reduce recidivism. Most research concludes that treatment is the most likely way to decrease the likelihood of recidivism.

  d. *to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner:*

Prison generally seems to lead to increased recidivism by disrupting employment, reducing prospects of future employment, weakening family ties, and exposing less serious offenders to more serious offenders. See Lynne M. Vieraitis, Tomaslav V. Kovandzic, Thomas B. Marvel, *The Criminogenic Effects of Imprisonment: Evidence from State Panel Data 1974 – 2002*, 6 Criminology & Public Policy 589 (2007). Mr. Henderson has essentially never been employed. Mr. Henderson has essentially no family and it is difficult to comprehend how the family that he has known could ever raise a child the way Mr. Henderson was raised.

## IV. Conclusion

Mr. Henderson asks this Court to sentence him to a period of time that is sufficient, but not greater than necessary considering the facts and circumstances of his personal history and the crime for which he has taken responsibility.

Dated: October , 2023.

            /s/ Stormy Vickers_____
            Stormy Vickers (ND 06539)
            Attorney for Defendant

808 3rd Ave S., Ste 201
Fargo, ND 58103
T: 701.365.4884